908 F.2d 968
 17 Fed.R.Serv.3d 210
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TROPIC FLOWERS, INC., Plaintiff-Appellant,
v.
KIRKLEY'S FLORIST, INC., d/b/a Flower City, Robert D. James,
Defendants-Appellees,
and
Flower City, a partnership, A. Thomas Crompton, Tom Jones,
c/o Flower City, Defendants.
 No. 88-3161.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 17, 1990.
Decided July 16, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (C/A No. 87-553-JFM)
 Richard William Balsamo, Balsamo & Associates, Washington, D.C., for appellant.
 Lydia K. Darr, Baltimore, Md., for appellees.
 D.Md.
 VACATED AND REMANDED.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Tropic Flowers, Inc., appeals from the district court order denying its motion to amend the final judgment and award it costs pursuant to Fed.R.Civ.P. 54(d). For the reasons stated below, we vacate and remand for further proceedings.
 
 
 2
 At some time after this appeal was taken appellee Robert James filed for bankruptcy. Therefore, this appeal was stayed as to him in a separate order of this Court in compliance with the automatic stay provisions of the Bankruptcy Code. This appeal now proceeds only as to Tropic Flowers' claims against Kirkley's Florist.[1]
 
 
 3
 Tropic Flowers brought this action against the defendants below alleging that they were liable to it for damages for fraud, breach of contract, conversion, breach of warranty, racketeering, and violation of the Maryland bad check statute. Tropic Flowers voluntarily dismissed its claim for violation of the Maryland bad check statute. The district court entered a directed verdict for all defendants on the racketeering claim and for defendants Jones and Crompton on all claims. The district court granted Tropic Flowers' motion for summary judgment against defendant Kirkley's Florist and found that Kirkley's Florist owed over $16,000 on account to Tropic Flowers. Tropic Flowers' claims for fraud and conversion were tried before a jury. The jury found Kirkley's Florist and defendant James liable for conversion but not for fraud. It awarded Tropic Flowers $4,500 in compensatory damages from Kirkley's Florist and James, and $2,500 in punitive damages from James. In the final judgment order entered pursuant to the jury verdict the district court stated that each party was to bear its own costs.
 
 
 4
 After the entry of final judgment Tropic Flowers filed a timely motion under Fed.R.Civ.P. 59 to amend the judgment to award it costs pursuant to Fed.R.Civ.P. 54. The district court allowed the defendants an extension of time in which to reply to the motion. After the defendants' brief was filed, Judge Motz wrote in the margin of Tropic Flowers' motion that it was "denied."
 
 
 5
 Under Rule 54(d) "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Because Tropic Flowers prevailed on some of its claims against two of the defendants and was awarded over $27,000, it was a prevailing party ordinarily entitled to costs. Lytle v. Commissioners of Election of Union County, 541 F.2d 421, 425 n. 6 (4th Cir.1976) (plaintiff need not sustain his entire claim; if judgment is rendered for him, he is the prevailing party), cert. denied, 438 U.S. 904 (1978). See also Texas State Teachers Association v. Garland Independent School District, 57 U.S.L.W. 4383 (U.S. Mar. 28, 1989) (No. 87-1759) (using a similar definition of a prevailing party for award of fees and costs under 42 U.S.C. Sec. 1988); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 2667, at 180-84 & n. 9 (1983 & Supp.) (a party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims).
 
 
 6
 This Court has held that, although the trial court exercises considerable discretion in the taxing of costs under Rule 54(d), the district court must give some reason for departing from the normal practice and penalizing the prevailing party by denying costs. Constantino v. American S/T Achilles, 580 F.2d 121, 123 (4th Cir.1978). See also Siegal v. Mazda Motor Corp., 878 F.2d 435, 439-40 (D.C.Cir.1989); True Temper Corp. v. CF & I Steel Corp., 601 F.2d 495, 509 (10th Cir.1979). Therefore, we vacate the district court's order denying Tropic Flowers' motion for costs and remand the case for the district court to reconsider the motion and express a ruling on costs with a statement of reasons for its determination.
 
 
 7
 Ms. Darr, the attorney who represented Kirkley's Florist in the district court, has filed a motion on appeal to be allowed to withdraw as counsel on appeal.[2] According to Ms. Darr, Kirkley's Florist no longer exists as a legal entity as its corporate charter has been forfeited under Maryland law, and thus she has no client to represent. This information raises a concern that Kirkley's Florist may no longer be a proper party to this case. Therefore, prior to reconsidering the motion for costs, we direct the district court to determine whether Kirkley's Florist still exists as an entity amendable to suit, and, if not, whether there exists a successor in interest, such as a trustee, against which costs could be awarded. We grant Ms. Darr's motion to withdraw.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 The bankruptcy stay does not affect Tropic Flowers' rights on appeal against other appellees. See 1 Collier Bankruptcy Manual p 362.03 (3d ed. 1989)
 
 
 [2]
 Tropic Flowers filed a brief in response to Ms. Darr's motion in which it construed the motion as one to dismiss Kirkley's Florist from the appeal. However, we find that the motion is limited to Ms. Darr's participation in the appeal